The court will call the first case of the morning, which is 118114, People of the State of Illinois v. Jarrell Matthews. Are you ready to proceed? Ready? May it please the court, good morning. My name is Michelle Katz. I'm the Cook County Assistant State's Attorney representing the people in this matter. One year ago, I appeared before this court in the case of People v. Calvin Carter on the same issue basically that I'm in front of this court on today. And at that point in time, I told this court that appellate courts had been besieged with two 1401 petitions being brought by petitioners solely on the basis that they had not complied with the service rules of this court and served the state appropriately. And that claim, in the absence of any substantive allegations from the petitions, were forming the sole basis for appeal. And that this had more or less thrown the appellate court into a position where it was to stay with these claims. And at that time, I presented several arguments that had been raised in my brief for reversing the appellate court and affirming the dismissal of the two 1401 petition in Calvin Carter. But I mostly focused on an argument that I had made about the particular need for invocation of estoppel principles to not only extinguish the claim that was raised in Calvin Carter, but to extinguish all claims in the future arising from defendant's self-admitted failure to properly serve the people with their two 1401 petitions and using that failure as the sole basis for appellate relief. And this court subsequently reversed based on one of the alternative arguments that I had made and found that Calvin Carter had not made a sufficient affirmative showing of error to warrant relief. Because he had not complained, he had not filed a post-trial motion indicating to the court that there had been a problem because he hadn't served. And because the proof of service that he had offered that accompanied his two 1401 petition simply indicated that he had attempted service by placing his documents in the institutional mail at Menard properly addressed to the parties listed above for mailing through the United States Postal Service. And this court found that that representation was not enough to establish an affirmative error that would permit any further relief and accordingly affirm the dismissal of the two 1401 petition. So the good news is that most of the cases have been extinguished as a result of this court's ruling in Calvin Carter. And the vast, vast majority of the cases that subsequently followed that ruling have followed suit and indeed found that defendants did not make a sufficient showing of affirmative error to warrant any further remedy in terms of their two 1401 petitions. Mr. Katz, can I ask you a factual, I guess, and it's a procedural question really. Defendant's brief at page 9, and also on a footnote, I think you'll know what I'm talking about in a minute. At the bottom of page 33, asserts that sometime between the date of the instant appellate court order and the date the state filed its PLA in this case, defendant filed an amended petition for relief in the circuit court. Yes, Your Honor. The odd thing, to me at least, is that the parties seem to have proceeded on that petition in the circuit court. Is that true? That is true. And that was subsequently, I don't want to. Well, let me just, and then the court, the circuit court issued a ruling not only on the amended petition, but the petition, and this one here. And then those decisions were appealed to the appellate court, all this happening while this case is pending before this court. Yes. And, I mean, I'd like to hear the explanation. I'm wondering, you know, are these proceedings in front of us a nullity? And, you know, I would note that the state failed to address the problem in its reply brief, even when the fact of those other proceedings were pointed out by the defendant's appellee's brief. So I'm wondering where we are here. Well, and I apologize for not following up on that, but the procedural history that follows that, and I'm sure that counsel will agree, is that we, she was assigned that case on appeal, the one that you're referring to, that did, in fact, reconsider the same claim, and the judge made substantive rulings again on the petition. And we agreed that that case should be dismissed, and so that case was subsequently removed from the appellate court by the agreement of the parties, because there was no jurisdiction. In the trial court, at the point at which, and I don't know why that would have happened, it never should have happened, clearly, at the point at which this court had jurisdiction, and we filed a timely notice of appeal on everything procedurally, put that case squarely in front of this court where it should be. It never should have returned to the trial court for any further considerations, but that case has been disposed of, is no longer an active case, and it was agreed that that case should be dismissed for lack of jurisdiction. I hope that answers that question. It's a very strange historical fact. So, with respect to where this case is now, and what I'm asking today, I'm renewing the request that I made a year ago in Calvin Carter, and I'm asking that at this point, that this court rule on the basis of estoppel principles, so that this entire line of litigation can be put to an end, which is what should happen. And while I have made an alternative argument, that there is not, you can resolve this case on the basis of Calvin Carter. That's just a fact. But it would be better if you rule on the basis of estoppel principles, which are entrenched in Illinois law because there's a clear understanding, and whether it's called unclean hands, or whether it's called invited error, or whether it's just generally termed estoppel principles, there is a basis, and the cases are cited in my brief, for disallowing defendants from doing what these defendants have been doing. And the strongest authority for this court to do that is its decision in M.W., where a minor respondent came before this court and said that his adjudication of delinquency should be reversed, because his father was not properly served, and as this court well knows, parents are parties. They're party respondents in juvenile actions, and his position was that the failure to comply with the service rules and serve his father deemed his adjudication of delinquency something that had to be reversed, and this court said no. And this court said that the minor respondent was not in a position to assert the right of his father to have proper service given to him. And that principle, my opponent tries to say, is simply something that has to do with an interpretation of the Juvenile Court Act, but I don't read any such limitation into that holding, because it appears to stand for the general proposition that what this defendant is trying to do should not be done. And the concern for not ruling simply on the basis of failure to make an affirmative showing of error is the fact that there are other cases stacked up behind this one, and we have one petition for leave to appeal pending, in a case called People v. Villareal, where arguably there is an affirmative showing of record of non-service, because that proof of service does not name the state. So in that situation, you have a case where the appellate court has found that there wasn't an affirmative showing of error because the proof of service on its face doesn't even refer to the people. And so this argument has been made there. What I'm basically saying is it's not going to go away. And as much as I wish that Kelvin Carter could resolve all of these cases, it didn't, which is why when I came before you the last time, I asked for a one-size-fits-all rule, which my opponent at that time also asked for, so that these claims wouldn't be dependent on the specifics, the particulars of what's in the proof of service, or if the state's attorney is in court, or if the state's attorney isn't in court, because you've got a conflict also brewing between the first and the second district on whether or not actual notice will suffice to start the running of the 30-day period of time which the people have, which the defendant of the 214-01 has, to file a response. And there's a complete split along those lines, too, as to whether or not the person, the defendant who is in receipt of the 214-01 has to actually make an affirmative waiver of the right to be properly served. And all of these problems will go away if this court simply states that a defendant who fails to follow the service rules of this court may not then take up that failure as a sword to gain appellate relief. But in the event that this court determines that the more appropriate course is to rule on the basis of Calvin Carter, it's the people's position, that there is no affirmative showing in this record of affirmative error, as there was no affirmative showing in the case of People v. Calvin Carter. You have a defendant who files an untimely 214-01 petition. He admits that he did not, he puts in the petition that he sent one copy to the state's attorney as addressed above with proper first-class postage attached thereto for mailing through the United States Postal Service. So the argument that's been made and what the appellate court found was that proper first-class postage attached thereto meant that it couldn't have been certified or registered mail. The problem is that certified, registered, and first-class mail are not different types of mail. First-class mail simply has an additional service that you can purchase, which is the certified mail that gets added onto it. So as I've stated in my brief, it's our position that first-class postage is no more of a showing of affirmative error than Calvin Carter's attempted service by placing the documents in the institutional mail properly addressed to the parties listed through the United States Postal Service. Just because the term first-class postage was used, that in no way is an affirmative showing that it was not certified or registered mail. So on that secondary basis as well, it's the people's request that you would reverse the appellate court's finding in this case and affirm the dismissal of the 214-01 petition. Thank you. Good morning. My name is Rachel Kinstrand. May it please the Court, my name is Rachel Kinstrand, and I represent the petitioner appellee, Jarell Matthews. Contrary to what the State has represented, this issue was not framed in the way that it is being framed by Mr. Matthews. This case fundamentally goes to the issue of whether or not the trial court had personal jurisdiction over the parties. In order to establish personal jurisdiction in the State of Illinois, you have to either affect proper service on the other litigant, or you have to have an affirmative waiver of service, neither of which occurred in this case. Counsel, Justice Thomas had quite a discussion with your opponent about whether this is moot in the procedural posture of the case at this time. Do you agree with what counsel represented to the Court? Yes. Actually, it was another attorney in my office that represented Mr. Matthews in his subsequent amended petition for relief from judgment. And both our office and the State's attorney did agree that because the mandate had not issued, the circuit court was without jurisdiction to rule on both the petition for relief from judgment that's underlying this appeal, as well as the amended petition for relief from judgment. And so through a motion for summary remand, the Court agreed to dismiss the appeal and vacate the judgment of the circuit court, because the mandate had not issued an objection. Obviously, the petition for relief to appeal had been pending before this Court in the instant case. In any event, there's no case law that says a petitioner is stopped from challenging personal jurisdiction on appeal. Indeed, most of the cases from this Court and throughout the appellate courts of the State indicate that it's the trial court that has the responsibility to determine whether it has personal jurisdiction over the parties in the first instance. And as we've just talked about, I think the fact that the circuit court purported to rule on a petition over which it did not have jurisdiction in subsequent proceedings in this case highlights why the trial court needs to consider whether or not there's proper service on the State. Is the issue of whether or not the trial court had jurisdiction over the proceeding, or is it jurisdiction over the State? The issue is personal jurisdiction, as distinguished from subject matter jurisdiction. So, you know, this is unlike most of our criminal cases. This is a civil proceeding, and this Court was clear in People v. Vinson that the rules of civil procedure govern hearings on petition for relief from judgment cases. And, you know, the only way, as I mentioned initially, the only way you have personal jurisdiction is if you have jurisdiction over the proceeding. And the only way you have personal jurisdiction in a civil proceeding over the opposing party is either through effecting proper service or through obtaining an affirmative waiver of service. So the State argues that a judgment could not be entered against it because there was no personal jurisdiction. Well, the State... And there was no judgment entered against the State here, so there's some surface appeal, at least, to the argument that the State doesn't disagree with the resolution. Well... And should not, and you should not be able to complain about it. Right. I mean, the State, in the reply brief, one of the arguments that the State makes initially is that INRI M.W. stands for the proposition that you can only have a void judgment based on lack of personal jurisdiction if it's the party against whom the void judgment was entered is arguing that the Court lacks jurisdiction. And I don't think M.W. can be read that broadly. I think M.W. is also distinguishable because, as I pointed out in the brief, it deals with an issue under the Juvenile Court Act where you have specific provisions dealing with notice and service to a minor party. And in a civil proceeding, that wouldn't apply. I mean, here, there's only two parties. There's only the State and the defendant. And so, you know, the State has to make a judgment. And so, I don't think it can be read as broadly as the State asked this Court to read it to prevent the appellee from challenging this ruling on appeal. And also, I would point out that, ultimately, the minor's father did have personal jurisdiction. The Court noted that he was served with a copy of the petition for adjudication in court. And so, I mean, I think to the extent that that case is distinguishable, it doesn't have any bearing on whether the minor's father had personal jurisdiction or not. And so, I don't think that there's any bearing on this particular case. And I would also point out that none of the cases cited actually speak to this issue. One case in particular is People v. Hawkins. And in People v. Hawkins, that dealt with a case in which the defendant had been participating in a bribery, had attempted to bribe Judge Maloney. And, in fact, there's language in that case that talks about even though the participant, and obviously this is a different set of proceedings, but in Hawkins, the defendant had been participating in a bribery. And in Hawkins, it said that even though it was the defendant appellant who had participated in this attempted scheme, there are some errors in which even his participation won't prevent him from raising the issue on appeal. And, you know, similarly, even though it's an unsophisticated litigant in this case who doesn't know the proper service rules, that shouldn't preclude him from challenging it. And, you know, making a claim on appeal, that goes to the personal jurisdiction of the case over the parties. And it may have to follow up on that. We've had this argument that we should address the equities here. I note that you do not raise any argument as to the merits of this petition, correct? Correct. There's no consideration of that. The equitable arguments are that the problem here was caused by Mr. Matthews. And the state is not objecting to what happened. The state didn't ask for an opportunity to file a response. The state's fine with what happened. And yet the position that you're taking, this failure of proper service, becomes a sword rather than a shield. The state's asking that we look at this in the big picture and say, in terms of equities, that that just cannot follow. That the fault of the defendant, therefore, gives him relief. Can you respond to that? Sure. Justice Tice, I think that, you know, ultimately, this issue isn't going to go away because we have not yet resolved at what point the 30-day period begins. And, you know, we have multiple cases historically, and, you know, I'm sure there are currently pending cases, in which both agree that the 30-day period is not going to go away. And the petition has not passed, so the petition is not right for adjudication. None of those cases require a consideration of the merits. None of those cases require a consideration of harm. I think, you know, ultimately, this is an issue, a more fundamental issue, that goes to how we handle these proceedings in the trial court from a procedural context. And, you know, regardless of whether or not, I mean, his amended petition, my understanding is that he's attached some affidavits, and that might change consideration of the underlying merits of the claim. But, ultimately, it goes back to sort of a more fundamental issue, is when should the trial court consider these petitions in a case that's so unlike any other civil case that we have in the courts in the state of Illinois. And I think, you know, this hasn't been resolved by Carter. There has to be a starting point for this 30-day consideration, the 30-day clock under Laharn. And, you know, both Vincent and I think Laharn contemplated that the 30-day clock would run on the date of proper service. The other thing I would point out is the state just didn't say anything about the petition in the trial court. The state's not objecting on appeal, but the state was in the courtroom on at least one occasion and had an opportunity to say, either we, you know, we don't object to the defect of service, or we have no, we're not intending to file a response. And so, you know, on the face of a record in which none of the parties, my client, because he had no opportunity in the trial court, because he wasn't, he's never written for proceedings, and the state, because it chose not to address it at all, you know, we have an opportunity to say, either we, you know, we don't object to the defect of service, or we have no, we're not intending to file a response. So we have nothing to go on in terms of whether or not the state actually received the petition or whether they affirmatively waived the petition. Ms. Kinstrand, how is the defendant prejudiced by the state's lack of notice and loss of opportunity to respond to the defendant? Well, the state is, the defendant is prejudiced because ultimately the court's ruling on the petition was for failure to state a cause of action, and that's, in Illinois, that's a ruling on the merits that's preclusive for him going forward. So, you know, perhaps, and again, I'm just speculating here, but if his claims were more appropriately raised in the post-conviction context because they dealt with constitutional issues, those would be issues that would probably be more appropriately brought in the post-conviction context, and because of the trial court's ruling on his petition for relief from judgment, they have a preclusive effect going forward. And I think more fundamentally, the trial court, you know, the trial court is really in the best position to consider whether or not the defendant is prejudiced. They can consider, you know, when the 30-day clock begins and whether 30 days have run, such as a threat for adjudication, and they can properly enter a sui sponte dismissal. Can I answer the question back again to Justice Brooks' question? What is the prejudice? The court had the petition in front of it. It reviewed it. It dismissed it on the merits. How is this problem with the state not being served, perhaps, the state not participating in that hearing, how does that affect the defendant? Well, again, I'd say it's prejudice because he has no counsel on that trial level. It has a preclusive effect. So if he gets on appeal and... I understand that having his petition dismissed is certainly prejudicial to him for all these reasons. But this problem that the state is saying that they have no problem with what happened here. We're asking in terms of the problems of jurisdiction, service, notice, opportunity of the state to be heard, how does that affect the defendant in any way? Well, again, I would go back to cases like Vincent and Laharn. And I think in the dissent in Vincent, Justice Kilbride pointed out that there's something inherently prejudicial about a proceeding in which the defendant doesn't have notice prior to a sui sponte dismissal to enter in his petition. And I would argue that personal jurisdiction isn't subject to a harmless error or prejudice analysis. That would be my response, that, you know, the court, trial court has an obligation in the first instance to consider whether it has both subject matter and personal jurisdiction on the parties. And that we simply can't have proceedings in which judgments are entered without either of those two things being inherent in the record. But had service been appropriate here with regard to this sui sponte action, what would have changed if the trial court looks at it differently? If the trial court looks at the file and says service on the state is appropriate, 30 days has expired, I'm dismissing the petition. What's the difference from the defendant's standpoint? And what happened here? Well, the difference is he clearly wanted to amend his petition, which he subsequently did. And he was able to get some additional material to attach to it. But, I mean, you know, regardless of whether the state decides on appeal that it's not going to object to anything, personal jurisdiction is not subject to any kind of judgment analysis. And if there's no personal jurisdiction over the parties in the first instance in the trial court, going on further proceedings on appeal or in a subsequent proceeding, that doesn't cure the original defect. I mean, that's sort of the basis of civil proceedings in the state of Illinois, that you have to have personal jurisdiction in the first instance, and it can't be applied retroactively to cure the problem. Isn't this the case where the defendant is really objecting, is really saying, he's not talking about his personal jurisdiction over him, he's talking about whether there's personal jurisdiction over the other side. How does he get to raise that? Well, again, I point out that I don't think any of the authority that the state cited or in W goes so far as to preclude him from challenging this issue on appeal. I mean, if it's a void judgment, it's void for lack of personal jurisdiction. There's no authority that I've been able to turn up that explicitly states that he's precluded from raising this issue on appeal. And even as I pointed out in Peeble v. Hawkins and some of the other cases cited by the state, I mean, there's actual injected error. I mean, this isn't, he doesn't even have an opportunity to cure this error. He's pro se, probably unaware that service was defective. And then he gets a dismissal of his petition, and then he's entitled to counsel on appeal. And so, I mean, here, Laharn is, he's got a judgment that has a preclusive effect going forward on his claims. And, you know, the issue here is we have this 30-day period under Laharn. We give a 30-day period to allow the respondent, if they want to respond, or if they don't want to respond, to have a 30-day period. And then they can appeal or not respond. But there has to be a starting point for that 30 days. And if the state is taking the position, well, we're not going to respond to these petitions, that 30-day period still has to start from somewhere. And in the absence of proper service or an affirmative waiver, you know, there is no other starting point. I mean, this would be cured either by the trial court looking at the proof of service and determining, you know, if it's defective and the state is present in court. Or asking the state, you know, look, I notice this hasn't been made in accordance with Rule 105. Do you waive service? And the state would presumably say yes or, you know, no, we want time to respond to this petition. Or the trial court could just dismiss it without prejudice and alert the defendant and he'd have an opportunity, if he wishes to go forward on the petition, to fix it, to serve it by certified mail. There is no answer, really, to Justice Tye's question about balancing the equities from the defendant's position, is there? Well, I think, you know, underlying the case is we have a pro-state litigant. I mean, he doesn't, you know, he gets an attorney on appeal and it's void. I mean, I could have challenged that, I suppose, if it had some substantive merit, I could have challenged it on appeal. But it still doesn't cure the underlying problem of it being a void judgment. You know, I can't go back and create personal jurisdiction where there is none. And certainly we have multiple cases like this where the underlying merits of the claims may be lacking, but we still have procedures in place in the trial court to allow for, you know, I think of the cases along the lines of Shellstrom and Pearson, where, you know, we recharacterize those cases and the underlying claims may not have had merit, but we still send it back. And the 30-day rule, the 90-day rule in the post-conviction context, we still send those cases back for compliance and we do so without a consideration of underlying merits. I mean, I'm interested in your comment, counsel, about being a pro-state litigant. We understand that, but if there's a trial and the pro-state litigant chooses to represent himself or herself and is cross-examining someone or actually just sitting there and there's an objection made, right? And he or she doesn't object in pro se, I mean, and then they bring up the error at the post-trial motion, you know, we say, well, it's waived, right? Because the pro-state litigant would get two bites at the apple. But we can't make rules of this court based on it's a pro-state litigant. Right. And I don't think I'm, I'm not asking to make a special rule. I mean, every civil litigant in the state who proceeds on a petition for relief from judgment is required to follow the service rules. I mean, the other option would be for the court to amend rule 106 to exempt an incarcerated defendant. But, I mean, fundamentally, I mean, we have this decision in Laharn, and so that 30-day period has to start from some point. Is there any case, like, you talked about the, what was it, the M.W. case and not being that helpful for the state. But you cite the Thill case, right? And that was the party complaining about the service was the party entitled to receive the service. Do you have any cases in which it was the opposite, like the one before us here? No, I have, I mean, I have not found a case that, that stands for the proposition that he's estopped from the state. From bringing a case, and no, I have not found a case where it was on all fours with my particular issue. So, but again, I think, you know, it goes to personal, the issue of personal jurisdiction. It goes to the issue of Laharn, and when exactly that, that 30-day clock is supposed to run. But it would be the same rule if the petitioner had been represented by counsel and filed a 214-01 with the same facts as we have here. Oh, in terms of, I mean, we'd still have to serve it. Presumably, counsel would be familiar with the service rules and would serve. I'm saying, the facts we have here, if that had been done by an attorney, would there be a different outcome? Well, I would think if it were done by an attorney, the state would probably file some sort of response. I mean, but if the state elected not to file a response, I think the court would at least have a record on which it could presume that there was, you know, proper service. Here, you know, on Mike Carter, we have a Rule 12 proof of service that indicates that he has not, he served it by U.S. mail with a first-class postage stamp, and, you know, there was no proper service under Rule 105. I see my time is up, so thank you very much. Okay, because jurisdiction is a preliminary question that always has to be answered, I'm going to start with that. There is no void judgment here. There is no personal jurisdiction impediment, and that is because there was no order entered against the state. And all of the cases that have been cited by my opponent, Phil being one of them, are cases that have been cited against the state. There is no reason which a judgment was entered against a not properly served party. That calls into question personal jurisdiction, and to be perfectly clear, if the trial court had entered a judgment against the people in this case, that would pose a personal jurisdiction problem. But where there is no order that's being entered against the party upon whom there is no service, that does not create a personal jurisdiction impediment. And we know that from M.W., because M.W. involved a father who was a necessary and indispensable party to that action. That is what a parent is in a juvenile case. And in the face of that, this court found that the failure to serve the father was something that could not be raised by the son. But there is more than that. This wasn't the basis for the court's ruling in this case, but as this court is well aware, Rule 103 provides a court with the authority for dismissing a 214.01 petition where there has not been service affected on the opposing party. And in a situation where that's done within the two-year period, it's without prejudice. And when it's in excess of the two-year period, that order can be entered with prejudice. And that is because there wasn't service affected, and the court has to make a finding. Again, I'm not saying it happened here, but there is that authority in this court's rules for circuit courts to do what this court did on that basis for finding that the plaintiff did not act in a diligent manner. And it's our position that there can be no diligence when the rules of this court provide for three ways to affect proper service, and none of them is utilized. And that's what happens here. This is an action that's grounded in equity. And because it's grounded in equity, when we look at the equities of the situation, there's no legitimate point that this defendant who admits that the claims have absolutely no merit is making. And insofar as the defendant is saying, I didn't have an opportunity to correct it, well, that's what a motion to reconsider is for. When the court entered its ruling, he had a period of time within which he could have gone back before the court and said, you know what, I didn't affect proper service on the state. And then that claim would have been before the trial court, and it would have been considered. But that didn't happen, because not only did the defendant not follow the rules of this court, he didn't avail himself of that additional opportunity. This claim, albeit raised in a different form, was raised in a post-conviction petition. And that post-conviction petition was dismissed, and that was the subject of an appeal. And the people prevailed on that case as well. So the claim that he didn't have any opportunity, he did have the opportunity. This is the third time, the third go-around on this case. He didn't have a right to amend the petition. He says, well, I could have amended the petition. There's no right to amend a 214-01 petition. So that's also untrue. In terms of the question of Laharn and the counsel, it's the counting of the 30 days. It's clear that Laharn, and that's what was argued in Calvin Carter, was a completely different situation, where Mildred Laharn came before this court with a substantive claim, and again, I had said to this court at that time, there has never been a situation that I'm aware of where 214-01 goes up on appeal, and the state has ever erected as a blockade, no, no, no, you didn't serve us, we're not going to respond to this claim. Anytime a substantive claim has been raised in front of the appellate court, it's been responded to and it's been considered by that court. Mildred Laharn had a substantive claim, and the customary period did not, the judge acted precipitously, I think it was seven days later, just said, it's untimely, it's done. That is not a proper vehicle to be then used for these sorts of situations which are fundamentally different, and Laharn and the rule that I'm asking for peacefully coexist, because this is not a question of not counting 30 days, that is not what I'm suggesting to this court, that if you rule and you say that a defendant doesn't have the right to bring this action, that we are not concerned with the rules of this court and the necessity for waiting 30 days, and if you look at the appellate court cases that have followed Calvin Carter, they have strictly followed that even after looking at whether or not there's a sufficient record that the defendant has made, and even after finding that there isn't a sufficient record, they count forward 30 days and make sure that 30 days have transpired before there's a ruling. And I can tell this court that in my role in the office as the person who looks at the summary remands and dismissals as I was alluding to earlier with the subsequent history on this case, I use that as my guiding post as well that if I have a case and I present it with a record where less than 30 days transpire from the time that that petition is filed, that case is remanded. So it's not a question of undermining in any way this court's ruling in Laharn, or the significance of the 30-day rule, or the significance of the child's court taking the time to allow the people the opportunity. But this is a question of, it's time to put a halt to defendants taking up the Laharn decision as a sword to say, I have this completely meritless claim, yet I should be able to go forward because I didn't serve the state. And so I ask that this court reverse, on that basis, on estoppel principles, reverse the finding of the appellate court and affirm the child's court's dismissal of the 214-01 petition. Thank you. Case number 118-114 People of the State of Illinois v. Jarrell Matthews will be taken under advisement as agenda number one. Ms. Katz, Ms. Kinstrad, thank you for your arguments this morning, and your excuses.